IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSE L. GARCIA,

       Plaintiff,

vs.                                           No. CV 18-01161 RB/KRS

THE LAW OFFICES OF THE PUBLIC
DEFENDER, JOHN/DOE, OR JANE/DOE,
AND ROGER BARGAS, CONTRACT
ATTORNEY,/THOMAS BENAVIDEZ,
CONTRACT ATTORNEY, AND JAMSHID
ASKAR SR, PUBLIC DEFENDER, SUSANA
MARTINEZ GOVERNOR FOR NEW MEXICO,
AND THE STATE OF NEW MEXICO, JOHN DOE/
OR JANE-DOE, AND SANTESTEVAN WARDEN
FOR L.C.C.F INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITIES,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6) on the Complaint filed by Plaintiff Jesse L. Garcia. (Doc. 1.) The Court will dismiss the Complaint for failure to state a claim on which relief can be granted.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is a prisoner incarcerated at the Lea County Correctional Facility ("L.C.C.F."). (*Id.* at 2.) He was charged with 16 counts of forgery in State of New Mexico case no. D-1010-CR-2012-00017. The Court takes judicial notice of the proceedings in his state court criminal action. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (The Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear

1

directly upon the disposition of the case at hand). Plaintiff pled guilty and was sentenced on January 9, 2013. On June 28, 2013, Plaintiff was charged with a probation violation, and an Order revoking probation was entered on June 12, 2015. With the application of habitual offender enhancements based on prior felony convictions, he was sentenced to 32 years of imprisonment. *See State v. Garcia*, No. D-1010-CR-2012-00017. (*See also* Doc. 1 at 10.) He sought direct and collateral relief in State court and in this Court, attacking both his conviction in D-1010-CR-2012-00017 and his prior New Mexico felony convictions. Plaintiff's filings in this Court included 16 prisoner civil rights cases, CV 89-00131 SEC/SB, CV 89-01086 JGB/JHG, CV 90-01071 JEC/WD, CV 93-00050 JAP/JHG, CV 94-00169 JAP/JHG, CV 94-00203 JAP/JHG, CV 94-00224 LH/DJS, 96 CV 00373 LH/LCS, CV 96-00472 LH/LFG, CV 97-00130 ELM/LFG, CV 97-01089 JAP/LFG, CV 98-00442 JEC/RLP, CV 00-00779 JEC/LCS, CV 01-01286 MV/LFG, CV 04-00407 JB/DJS, CV 04-00469 MCA/LFG, and 2 habeas corpus cases, CV 05-00586 JB/SCY, CV 16-01040 JB/SCY.

Plaintiff filed his Complaint in this case on December 7, 2018. (Doc. 1.) He seeks to have the case proceed as a class action. (*Id.* at 1, 7.) The Complaint identifies Eric R. Fierro, Augustin F. Granado, Preston Blake, and David Otero as additional plaintiffs "at the discretion of the Judge and Court," but the Complaint is signed solely by Plaintiff. (*Id.* at 1, 2–3, 15.) Plaintiff may not represent any other individual or maintain this case as a class action, and the additional individuals are not proper parties to this proceeding. *See Fymbo v. State Farm Fire & Cas. Co.,* 213 F.3d 1320, 1320 (10th Cir. 2000).[1]

---

[1] The Court takes judicial notice that all of the identified individuals have filed their own prisoner civil rights cases in this Court: Augustin Granado has three closed and two pending cases (CV 19-00096 JCH/JFR; CV 19-00119 WJ/GJF), Jesse Garcia has 16 closed and one pending, (CV 18-01161 JB/KRS), Plaintiff Blake has three pending, (CV 17-00807 JAP/KK; CV 18-01160 RB/GBW; CV 19-00618 MV/KK), David Otero has four closed and one pending, (CV 19-00119 WJ/GJF), and Eric Fierro also has

Plaintiff names as Defendants the Law Offices of the Public Defender, John/Doe, or /Jane-Doe, Roger Bargas, Contract Attorney, Thomas Benavidez, Contract Attorney, Jamshid Askar Sr., Public Defender, Susana Martinez, Governor for New Mexico, the State of New Mexico, and Santestevan, Warden for L.C.C.F. (Doc. 1 at 1, 4–5.) He contends that his criminal defense counsel were ineffective, resulting in the imposition of an unreasonable sentence. (*Id.* at 8–11.) Plaintiff Garcia prays for relief:

> 1. Ordering Defendants to pay punitive and compensatory damages.
> 2. Systematict change to the Public Defenders Dept. in as to the Attorney Contract System.
> 3. To be released from prison, and that my case be vacated or set aside
> 4. Awarding Plaintiffs the reasonable costs and expenses of their action, including attorney's fees.

(*Id.* at 15 (errors in original).)

## II. THE LAW REGARDING FAILURE TO STATE A CLAIM

Plaintiff is proceeding pro se and *in forma pauperis*. (Doc. 8.) The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Rule 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Rule 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at

---

three closed cases and one pending case (CV 19-00119 WJ/GJF). *Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972).

570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Id.*

The Court must examine the complaint to determine if an actionable claim is presented. In *Twombly*, the Supreme Court noted that the pleading standard of Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," 550 U.S. at 555, but the Rule demands more than an unadorned "defendant-unlawfully-harmed-me" account, *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The Supreme Court warned against pleadings that offer "labels and conclusions" or "a formulaic recitation of the elements of the cause of action . . . ." *Twombly*, 550 U.S. at 555. These, the Court stated, "will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. In *Iqbal*, the Supreme Court noted:

> [A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'

556 U.S. at 678 (citations omitted).

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Hall*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32–33

(1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Id.*

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

## III. THE COMPLAINT FAILS TO STATE A § 1983 CIVIL RIGHTS CLAIM

Section 1983 is the exclusive vehicle for vindication of substantive rights under the United States Constitution. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that

is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676. Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Id.*

**A. Plaintiff Does Not Allege Any Actionable Conduct by the Warden.**

In his Complaint, Plaintiff names as a Defendant "Santestevan, Warden for L.C.C.F." (Doc. 1 at 1.) Plaintiff states that Defendant, Santestevan, Warden of L.C.C.F. is "only named because I am incarcerated at L.C.C.F." (*Id.* at 5, 14.) He does not allege that Warden Santestevan engaged in any conduct, at all, much less any conduct in violation of his constitutional rights. *West*, 487 U.S. at 48; *Fogarty*, 523 F.3d at 1162. Nor does the Complaint allege any claim against Warden Santestevan or L.C.C.F. for vicarious liability or entity liability. *Iqbal*, 556 U.S. at 676. The Complaint fails to state any claim for relief against Warden Santestevan or L.C.C.F., and any alleged claims against them will be dismissed under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B).

**B. Public Defenders Do Not Act Under Color of State Law.**

Plaintiff names as Defendants Roger Bargas, Thomas Benavidez, Jamshid Askar, and John and/or Jane Doe public defender, attorneys that represented him in his state court criminal proceedings. (Doc. 1 at 1, 4.) Section 1983 states:

> Every person who, *under color of any statue, ordinance, regulation, custom, or usage, of any State, Territory or the District of Columbia*, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983 (emphasis added). The United States Supreme Court has held that public defenders cannot be sued under § 1983 because they do not act under color of state law. *See Polk Cty. v. Dodson*, 454 U.S. 312, 315 (1981). A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Id.* at 325.

Plaintiff contends that his appointed criminal defense attorneys were ineffective in their representation of him. (Doc. 1 at 7–12.) He makes no allegations against the defense attorneys other than that they were performing a lawyer's traditional functions as counsel in the state criminal proceeding. His claims are all based on allegations regarding the functions of counsel in his criminal case, and, to the extent his claims against the defense attorneys arise out of their representation of him, they cannot be sued under § 1983 because they did not act under color of state law. *See Dodson*, 454 U.S. at 315. The Complaint fails to state any § 1983 claim for relief against Defendants Bargas, Benavidez, Askar, John Doe or Jane Doe.

**C. The State is not a person for purposes of § 1983.**

Plaintiff also names the State of New Mexico, the Law Offices of the Public Defender, and Governor Susana Martinez as Defendants. (Doc. 1 at 1.) Section 1983 is a "remedial vehicle for

raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (quotation marks omitted). It does not abrogate the states' sovereign immunity and neither the states nor their agencies qualify as "persons" under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67, 71 (1989); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011). The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. Claims against the State of New Mexico and its agencies, as well as official capacity claims against its officials, must be dismissed. *Will*, 491 U.S. at 63–64.

The Complaint does not make any factual allegations against the State of New Mexico. However, to the extent the Complaint can be construed as asserting any claims against the State of New Mexico, the State is not a "person" within the meaning of 42 U.S.C. § 1983 and there is no remedy against the State under § 1983. Similarly, the Law Offices of the Public Defender is an agency of the State of New Mexico and is not a "person" for purposes of § 1983. Last, the Complaint does not allege any individual conduct by Governor Martinez but, instead, makes only official capacity claims against her. (Doc. 1 at 13.) Plaintiff fails to state any claims against the State of New Mexico, the New Mexico Public Defender's Offices, and Governor Susana Martinez; thus, the claims will be dismissed. *Will*, 491 U.S. at 63–64.

**D.      Plaintiff's civil rights claims must be dismissed under the *Heck* doctrine.**

In *Heck v. Humphry*, 512 U.S. 477, 487 (1994), the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Id.* Similarly, although in some

circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine. *Wilkinson v. Dotson*, 544 U.S. 74, 80–81 (2005); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

All of Plaintiff's claims are attacks on the criminal proceedings underlying his conviction in New Mexico state case no. 1010-CR-2012-00017. (Doc. 1 at 7–12.) His Prayer for Relief specifically asks the Court for compensatory and punitive damages, to be released from prison and that his case be vacated or set aside, reasonable costs and attorney fees, and systemic change to the Public Defender Department. (*Id.* at 15.)

Plaintiff's request for relief clearly necessitates the invalidation of his sentence. *Wilkinson*, 544 U.S. at 80-81. Because a favorable ruling on Garcia's claims would require treating his sentence in D-911-CR-2008-00078 as invalid, all of his civil rights claims in the Complaint must be dismissed under the *Heck* doctrine. *See*, *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 556–57 (10th Cir. 1999). Regardless of whether they are claims for monetary, declaratory, or injunctive relief, and regardless of whether they are against defense counsel, the Public Defender Department, or the State of New Mexico, all claims against all Defendants are barred by *Heck*. *Wilkinson*, 544 U.S. at 8–-81. The Complaint will be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6) and § 1915(e)(2)(B) due to the bar of the *Heck* doctrine.

### E. Leave to Amend Would Be Futile.

Ordinarily, the Court is to consider whether to allow a pro se plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity

to amend should be granted unless amendment would be futile. *Hall*, 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) standards. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). Because Plaintiffs' claims will be barred by the *Heck* doctrine, any amendment of Plaintiff's Complaint would be futile and the Court will not grant leave to amend.[2]

IV. **PENDING MOTIONS**

Pending before the Court are Plaintiff's Motion for Appointment of Counsel (Doc. 3), Plaintiff's Motion to Join Case Pursuant to Fed. R. Civ. Rule 18(A) and (B) (Doc. 4), Plaintiff's second Motion for Appointment of Counsel (Doc. 5), the Law Office of the Public Defender and Jamshid Askar's Motion to Dismiss Complaint (Doc. 7), Plaintiff's Motion for Extension of Time (Doc. 11), Plaintiff's Motion to Perfect Service and Summons (Doc. 13), and Plaintiff's Motion on Supplemental Information Jurisdiction (Doc. 14). The Court will deny the pending motions as moot in light of the Court's dismissal of this proceeding.

Also pending is Plaintiff's Motion to Show Cause Why the Filing Fee Should be Excepted. (Doc. 12.) Plaintiff contends that he should be excused from having to pay any filing fee for this proceeding because he has to use his money to buy commissary items. (*Id.*) Under 28 U.S.C. § 1915, the Court may properly require an inmate to choose between prison purchases and litigation. *See Shabazz v. Parsons*, 127 F.3d 1246, 1248–49 (10th Cir. 1997). When a prisoner has the means to pay an initial partial filing fee and instead spends his money on amenities at the prison canteen or commissary, he should not be excused from payment of the filing fee. *Baker v. Suthers*, 9 F. App'x 947, 949 (10th Cir. 2001). The Court will deny Plaintiff's Motion to Show Cause and

---

[2] Although it does not appear on the face of his Complaint, a review of Plaintiff's official state court criminal docket indicates that the actions he complains of took place no later than June 2015, and his claims are likely also barred by the three-year statute of limitations governing Section 1983 cases. See *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014).

Plaintiff is required to pay the filing fee.

**IT IS ORDERED:**

(1) Plaintiff's Motion for Appointment of Counsel (Doc. 3), Plaintiff's Motion to Join Case Pursuant to Fed. R. Civ. Rule 18(A) and (B) (Doc. 4), Plaintiff's second Motion for Appointment of Counsel (Doc. 5), the Law Office of the Public Defender and Jamshid Askar's Motion to Dismiss Complaint (Doc. 7), Plaintiff's Motion for Extension of Time (Doc. 11), Plaintiff's Motion to Perfect Service and Summons (Doc. 13), and Plaintiff's Motion on Supplemental Information Jurisdiction (Doc. 14) are **DENIED as moot**;

(2) Plaintiff Garcia's Motion to Show Cause Why the Filing Fee Should be Excepted (Doc. 12) is **DENIED** and Plaintiff is required to pay the filing fee as previously ordered; and

(3) Plaintiff Jesse L. Garcia's Complaint (Doc. 1) is **DISMISSED** with prejudice for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE